## ST. LOUIS & S. F. R. CO. v. COX, PEERY & MURRAY.

No. 2431. Opinion Filed January 13, 1914.

(138 Pac. 144.)

1. **APPEAL AND ERROR**—Harmless Error—Pleading. The court in every stage of action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect.

(a) Whilst the motion on the part of defendant to require plaintiffs to make more definite and certain the petition should have been sustained, yet, when it appears from defendant's answer that it was not prejudiced thereby, no reversible error results.

2. **CARRIERS—Commerce—Shipment Contract—Limitation of Liability.** On account of the passage of the Act of Congress of June 29, 1906, c. 3591, 34 St. at L. 584 (U. S. Comp. St. Supp. 1911, p. 1284), the state, under its police power, has ceased to have the authority to pass acts relative to contracts made by carriers pertaining to interstate shipments, and section 9 of article 23 (section 358, Williams' Ann. Ed.) of the Constitution of this state applies only to intrastate shipments (following Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257.

(a) As to interstate shipments, the common-law liability of the carrier for the safe carriage of property may be limited by a special contract with the shipper, where such contract, being supported by a consideration, is reasonable and fairly entered into by the shipper, and does not attempt to cover losses caused by the negligence or misconduct of the carrier (following Adams Express Co. v. Croninger, supra).

(b) As to intrastate shipments, only such contracts as are made between the carrier and the shipper pursuant to rules and regulations adopted by the Corporation Commission of this state are valid.

(c) All contracts or bills of lading made or issued by carriers as to intrastate shipments, which are inconsistent with the rates, charges, classifications, rules, and regulations adopted by the Corporation Commission of this state, are void.

3. **TRIAL—Refusal of Instructions Covered.** Although instructions which were asked on the part of the plaintiff in error but refused by the trial court may correctly define the law applicable to the issue or issues in the case, yet, if the subject upon which the instruction was requested is fully covered in the general charge, no reversible error results.

4. **CARRIERS—Delayed Shipment—Action for Damages—Instruction.** The following instruction was refused:

"An exemption in the bill of lading, providing that the carrier shall not be liable for damages for delay in reaching market, is valid and binding on the plaintiffs, although the option or opportunity to ship said cattle under a higher rate at carrier's risk was not actually presented to the shipper by the carrier."

Held, that said instruction was properly refused, as it did not contain a limitation to the effect that the stipulated exemption of the carrier from liability for damages for delay in reaching market, when such delay is not occasioned by acts of negligence or of omission on the part of the carrier, is valid and binding upon the plaintiffs, although the opportunity to ship said cattle at a higher rate at carrier's risk was not actually presented to the shipper by the carrier.

5. **SAME—Shipment of Live Stock—Damages from Delay—Contract—Limitation of Liability—Burden of Proof.** The plaintiffs declared upon a common-law cause of action, and the defendant by answer pleaded that the shipment was made under a special contract, and under the terms of said contract it was exonerated from damages. Held, that after the plaintiff proved that the ship-

ment was made by them the burden shifted to the defendant to prove that it was made under a special contract, under the terms of which it was released.

6.    **SAME—Instruction.** The following instruction was given by the trial court:

"You are instructed, in case you find for the plaintiffs, their measure of damages will be the amount of shrinkage or loss of weight, if any, by reason of unreasonable delay, that is, in the event you find there was an unreasonable delay, and the decline in the market, if any, is shown, between the day said cattle should have arrived and the day the said cattle were actually delivered and sold, together with any expense connected with the handling and feeding of cattle in transit [italics ours], and also the difference between the market value of said cattle, if any, by being in a stale and unmarketable condition, and, by considering these different items, you will arrive at the amount of damages the plaintiffs have sustained, if any, and find accordingly."

The shipment being interstate, and the contract providing that the "shipper shall load, unload, feed, water, and attend to the live stock at his own expense" and that the "company shall stop the cars at any of its stations where it has facilities for so doing, for feed, water and rest, upon the written request of the shipper or attendant in charge, who shall make such request when necessary," it was the duty of the shipper to load, unload, feed, water, and attend to the live stock at his own expense while in transit, except in case of unreasonable delay on account of the acts of negligence or omission on the part of the carrier, in which event the carrier would be liable for damages for the additional expense for loading, unloading, feeding, and watering. Held, that the instruction, given as applicable to the evidence contained in the record in that it authorized recovery as damages all the expense of the handling, feeding, and watering said cattle in transit, constituted reversible error.

(Syllabus by the Court.)

*Error from County Court, Grady County;*
*N. M. Williams, Judge.*

Action by Cox, Peery & Murray against the St. Louis & San Francisco Railroad Company for damages to a delayed shipment of cattle. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

*W. F. Evans* and *R. A. Kleinschmidt,* for plaintiff in error.

*F. E. Riddle,* for defendants in error.

WILLIAMS, J.   This proceeding in error is to review the action of the trial court in an action wherein the defendants in error, as plaintiffs, sued the plaintiff in error, as defendant, to

recover damages for the negligent delay of a shipment of cattle between the points of Cyril, Okla., and Kansas City, Mo.; the alleged damage or injury being shrinkage in the weight of the cattle and the decline in the market. The parties will be hereinafter referred to in the manner in which they appeared in the trial court.

The plaintiffs declared upon a common-law cause of action against the carrier, which, by way of answer, pleaded that the shipment was carried under and by virtue of a special contract of shipment, by the terms of which the shippers, in consideration of a lower rate, agreed to limit the liability of the carrier in several particulars.

1. Was reversible error committed in overruling defendant's motion to have plaintiffs' petition made more definite and certain? Plaintiffs' action was based upon delay in the shipment reaching the market, it being contended that by reason of such delay (1) the cattle lost in flesh and shrunk in weight about 50 pounds per head, (2) the market declined about 25 cents per hundred weight, and (3) outlay of expense for extra feed in the sum of $25; the total damage claimed being $560. The motion to make more definite and certain asks that plaintiffs be required to allege whether said cattle were shipped by contract in parol or in writing, and, if in writing, that a copy be attached, and, further, to state what portion of the said sum of $560 represented the decline in the market and loss by shrinkage, and, further, to state the kind of cattle of which said shipment consisted. The defendant, after said motion was overruled, answered (1) by general denial and (2) by alleging that plaintiffs delivered to the defendant for shipment 129 head of cattle to be transported from Cyril, Okla., to Kansas City, Mo.; the same being loaded in five cars and consigned to the Godair Crowley Commission Company at Kansas City, Mo., and that the said cattle were accepted by the defendant and carried under and by virtue of two contracts in writing, executed by Tom Peery as agent for Cox, Peery & Murray, copies of which contracts were attached to the answer as Exhibits A and B. The court in every stage of action must disregard any error or defect in the pleadings or proceed-

ings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect.   Section 4791, Rev. Laws 1910.

By the answer filed by the defendant, it appears that it was advised as to the character of the cattle received for shipment, and, if it had not been familiar with the contents and character of the contract, it could not have attached copies of same to the answer.   From plaintiffs' petition it appears that damages were claimed on account of shrinkage, and also decline in the market. Whilst the motion to make more definite and certain should have been sustained, yet, under the provisions of section 4791, *supra*, reversible error was not committed, as the rights of the defendant were not prejudiced.

2.   The contracts in writing under which the shipment was made, contained the following paragraphs:

"5.   Live stock is not to be transported or delivered within any specified time, nor in season for any particular market.   The company shall not be liable for delay caused by storms, rains, failure of engines, cars or machinery, obstructions to the track, or from any cause whatever."

"17.   The shipper acknowledges that he has had the option of shipping the live stock at carrier's risk, at a higher rate, or under this contract, at a lower rate, and that he has elected to make this contract and accept the lower rate."

This was an interstate shipment. · On account of the passage of the Act of Congress of June 29, 1906, c. 3591, 34 St. at L. 584 (U. S. Comp. St. Supp. 1911, p. 1284), the state, under its police power, has ceased to have the authority to pass acts relative to contracts made by carriers pertaining to interstate shipments.   The Supreme Court of the United States has repeatedly so held within the last year, and these decisions are binding and controlling on this court.   The cases decided by the Supreme Court of the United States on this question are *Adams Express Co. v. Croninger,* 226 U. S. 491; 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; *M., K. & T. Ry. Co. v. Harriman,* 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690; *K. C. S. Ry. Co. v. Carl,* 227 U. S. 639, 33 Sup. Ct. 391, 57 L. Ed. 683; *C., B. & Q. Ry. Co. v. Miller,* 226 U. S. 513, 33 Sup. Ct.

155, 57 L. Ed. 323; *C., St. P., M. & O. R. Co. v. Latta,* 226 U. S. 519, 33 Sup. Ct. 155, 57 L. Ed. 328. After the Supreme Court of the United States announced this rule, this court recognized it as an absolute governing authority and followed same. *St. L. & S. F. R. Co. v. Bilby,* 35 Okla. 589, 130 Pac. 1089. See, also, *M., K. & T. Ry. Co. v. Walston,* 37 Okla. 517, 133 Pac. 42. Under the holding in the foregoing cases in interstate shipments the common-law liability of the carrier for the safe carriage, of property may be limited by a special contract with the shipper, where such contract, being supported by a consideration, is reasonable and fairly entered into by the shipper, and does not attempt to cover losses caused by the negligence or misconduct of the carrier. Paragraph 5 of the contract of shipment in question does not protect as to "losses caused by the negligence or misconduct of the carrier." Where it stipulates that the carrier shall not be liable for delay caused by "failure of engines, cars, or machinery, obstructions to the track, or from any cause whatever," if "such failure of engines, cars or machinery or obstruction to the track, or from any cause whatever" resulted from any act of negligence or act of omission or misconduct, which the law required the carrier to perform, such clause would not operate to exonerate or release the carrier from such damages. An identical question was under consideration in *St. L. & S. F. R. Co. v. Bilby, supra,* wherein it was said:

"If the failure to deliver within a reasonable time, so as to reach a particular market, is occasioned by the negligence or acts of omission on the part of the carrier, it is liable, regardless of any contract to the contrary. The carrier is liable for delay occasioned by failure of engines, cars, machinery, obstructions to the track, or for any cause whatever, where such intervening cause results from the negligence or act of omission on the part of the carrier."

Under the application of the foregoing rule, the court did not commit reversible error in overruling the demurrer to the evidence. *Armstrong, Byrd & Co. v. Ill. Cent. R. Co.,* 26 Okla. 352, 109 Pac. 216, 29 L. R. A. (N. S.) 671.

The defendant asked the court to instruct the jury as follows:

"(1)   An exemption in the bill of lading, providing that the carrier shall not be liable in damages for delay in reaching the market, is valid and binding on the plaintiffs, although the option or opportunity to ship said cattle under a higher rate at carrier's risk was not actually presented to the shipper by the carrier.

"(2)   You are further instructed that the burden is on the plaintiff to prove his case by a preponderance of the evidence, and, in the absence of any proof that the defendant was negligent in transporting said cattle, then your verdict should be for the defendant."

The first instruction was properly refused, in that it did not state that the exemption in the bill of lading providing that the interstate carrier should not be liable for damages for delay in reaching the market, *when such exemption does not cover acts of negligence or of omission on the part of the carrier,* is valid and binding on the plaintiff, if the shipper had a reasonable opportunity to ship said cattle under a higher rate at carrier's risk, but declined to so ship under said higher rate, and elected to ship under a lower rate with such exemption provision contained therein.

As to the second instruction, it was substantially covered in the general charge. Such being the case, its refusal was without error. *St. L. & S. F. R. Co. v. Bilby, supra.*

Instruction No. 12, given, is as follows:

"You are instructed that, although you may believe from the evidence that the contract introduced in evidence by the defendant was signed by one of the plaintiffs and was binding upon said plaintiffs, yet you are further instructed that that would not prevent plaintiffs from recovering in this case, and before you can find for the defendant the defendant company must prove by a preponderance of the evidence that the cause of the delay and injury to plaintiffs' cattle, if you find that there was such unreasonable delay and that plaintiffs were damaged thereby, was within some one of the exceptions contained in said contract pleaded by the defendant company."

The contention is made that said instruction places the burden of proof upon the defendant to show that it was not negligent, and, in fact, instructs the jury that, unless the defendant excuses itself by showing that the delay comes within some one

of the exceptions contained in the written contract, they shall return a verdict for the plaintiffs. If such contention is sound, the instruction misstates the law. Assume that the contract was properly executed by plaintiffs, yet that does not *per se* prevent plaintiffs from recovering. The instruction goes further to the effect that, if the jury found that the delay was unreasonable and plaintiffs were damaged thereby, that then in order for the defendant to exonerate itself it must show that the cause of such delay and the injury to plaintiffs entirely came within one of the exceptions contained in said contract by which the defendant claimed to be released from such damages. Whilst we do not commend the form in which the instruction is drawn as a model, yet we think it states the rule of law correctly. The fact that paragraph 5 stipulates that the "live stock is not to be transported or delivered within any specified time, nor in season for any particular market," does not permit the carrier to unreasonably delay the shipment in transit. Whilst the carrier owes the shipper the duty to deliver the shipment within a reasonable time, and the defendant having set up the contract by which it claimed to be released from damages, it was incumbent upon it to prove the case within such exceptions.

There is no merit in the contention that instructions, 13, 14, 15, and 16, as given, are erroneous. Instruction 15 is as follows:

"You are instructed, in case you find for the plaintiffs, their measure of damages will be the amount of shrinkage or loss of weight, if any, by reason of unreasonable delay, that is in the event you find there was an unreasonable delay, and the decline in the market, if any is shown, between the day said cattle should have arrived and been sold, and the day said cattle were actually delivered and sold, together with any expense connected with the handling and feeding of the cattle in transit, and also the difference between the market value of said cattle, if any, by being in a stale and unmarketable condition, and, by considering these different items, you will arrive at the amount of damage the plaintiffs have sustained, if any, and find accordingly."

Objection is made that by this instruction the jury were permitted to find as a part of the damages "expense connected with the handling and feeding of the cattle in transit."

Paragraph 10 of the contract is as follows:

"The shipper shall load, unload, feed, water and attend to the live stock at his own expense. The company shall stop the cars at any of its stations where it has facilities for so doing, for feed, water and rest, upon the written request of the shipper or attendant in charge, who shall make such request when necessary."

However, if the shipment was delayed on account of the negligence or act of omission on the part of the carrier, the additional expense incurred by the shipper in handling and feeding the cattle would be recoverable as damages. By this instruction the jury was not so confined. In this the court erred. Should this operate as reversible error? The giving of abstract instructions will not warrant a reversal unless injury is shown or the jury were misled. 38 Cyc. 614, and section 4971, Rev. Laws 1910.

The record discloses that the two sales accounts covering the sale of these cattle, and containing the following items, on motion of plaintiff, were read in evidence:

| | | |
|---|---|---|
| (1) Charges: Freight and feed en route | | $278 00 |
| Yardage | | 25 00 |
| Hay, 700 lbs. | | 6 30 |
| (2) Charges: Freight and feed en route | | 77 87 |
| Yardage | | 8 00 |
| Hay, 125 lbs. | | 1 13 |

It is immaterial whether the same was competent, as such evidence was admitted and considered by the jury. We are unable to determine how much the jury allowed for feeding whilst in transit, or how much the plaintiff was entitled to recover on account of the extra feeding incident to the delay. It follows that under this status of the record this case must be reversed, for injury evidently operated on account of this erroneous instruction. At the same time we are unable to measure this injury so as to have it cured by a *remittitur*. If such were reasonable and practicable, we would take that course rather than reverse and remand the cause for another trial.

The other questions raised will not be considered, as it is not likely that they will arise upon another trial; for in the admission of the evidence all such objections can be obviated.

The judgment of the lower court is reversed and remanded, with instructions to grant a new trial and proceed in accordance with this opinion.

All the Justices concur.