## DOLESE BROS. CO. v. SMITH.

No. 3183.   Opinion Filed July 7, 1914.

(141 Pac. 775.)

1. **MASTER AND SERVANT—Safe Place and Appliances—Duty of Master.** The master is bound to exercise reasonable care and diligence to provide a reasonably safe place in which the employee or servant is to work, and also reasonably safe machinery, tools, and implements with which to work, and to supply him with reasonably safe material on which to work.

2. **SAME—Injury to Servant—Instruction.** An instruction that, "it was the duty of the defendant to furnish the plaintiff a safe place to work and safe tools to do the work with," is erroneous because it lays upon the master a higher degree of duty than the law imposes.

3.　**APPEAL AND ERROR**—Ground for Reversal—Instructions. An instruction on the duty of the master to the servant in regard to place of work, and tools with which to work, was appropriate in this case under the evidence and the issues raised by the pleading, and, the instruction given being clearly wrong, the error is prejudicial and requires the reversal of the case.

(Syllabus by Brewer, C.)

Error from District Court, Murray County;
·R. McMillan, Judge.

Action by Dennis Smith against the Dolese Brothers Company, a corporation, for personal injuries. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Emanuel & Broadbent, John Junell, E. R. Adams, A. L. Berger,* and *Potterf & Walker,* for plaintiff in error.

*Cruce, Cruce & Cruce* and *J. H. Casteel,* for defendant in error.

Opinion by BREWER, C.　Dennis Smith, as plaintiff below, sued Dolese Bros. Company, a corporation, to recover damages for personal injuries alleged to have resulted from the negligence of said company.

The defendant was operating a rock crusher in Murray county, the plaintiff being one of its employees who had been assigned to the duty of operating a steam drill. Inasmuch as it has become important, for reasons that will appear further on in the discussion, to know just what issues were properly before the jury, we shall state plaintiff's allegation relative to the actionable negligence of the company by quoting the same from his original petition as follows:

"That the duties of his employment were concerned in and about the operation of a certain machine known as the 'drill,' and that on said date, and while in the discharge of the duties of his employment to the defendants, this plaintiff was ordered and directed by one Jim Cooper, who was employed by these defendants as their foreman, to put in motion and operate a drill located upon the premises of the defendant, and that, in obedience to the order and direction of the said Cooper, this plaintiff went to said drill as directed and attempted to set the same in motion and operation; that the said drill had theretofore

been placed in position by the defendants; that the said drill was defective and unsafe and dangerous to operate and put in motion, in this, that one of the legs or supports of the said drill was loose, but that the said defective, unsafe, and dangerous condition of the said drill was latent and not apparent, and was unknown to this plaintiff; and that in order to carry out the orders and directions of the said Cooper and to operate and set in motion the said drill it became necessary that this plaintiff climb upon the legs of the said drill in order to·crank up or raise the chuck or cylinder of said drill; that ·this plaintiff in the performance of his duties as aforesaid climbed upon said drill; and that said drill, by reason of its defective and dangerous condition, without any fault upon the part of the plaintiff, gave way and fell upon this plaintiff and struck him, and knocked him off the ledge of rock upon which said drill had been placed for operation onto a pile of rocks, a distance of some 30 feet.  *  *  * "

The defendant answered by way of a general denial, and the affirmative defense of assumption of risk and contributory negligence.   After a reply, the cause was tried to a jury and a verdict was returned in favor of the plaintiff, and a judgment entered thereon, from which the defendant, as plaintiff in .error here, has appealed by petition in error and case-made, asking a reversal on account of a number of alleged errors occurring during the progress of the trial.

Plaintiff in error, while insisting on numerous other points, seems to rely with most assurance, for a reversal of this case, on the grounds of an·improper charge in the instructions of the court to the jury.   This instruction (No. 6) contained in the general charge of the court is as follows:

"You are charged in this case that it was the duty of the defendant to furnish the plaintiff a safe place to work, and safe tools to do the work with.   Therefore you are charged that if you believe from the evidence that the plaintiff was ordered or directed by the defendant to operate the drill in question, and the said drill at the time was in an unsafe condition, it was the duty of the defendant to notify the plaintiff of its unsafe condition, if it was unsafe, unless such defects were patent, and could be seen by the plaintiff himself."

This instruction is not a correct statement of the law defining the master's duty to his servant relative to the place of work

and the tools and instrumentalities with which the work is to be performed.

The duty of the master in this regard has recently been defined by this court in *C., R. I. & P. Ry. Co. v. Brazzell,* 40 Okla. 460, 138 Pac. 794, as follows:

"The master is bound to exercise a reasonable care and diligence to provide a reasonably safe place in which the employee or servant is to work, and also reasonably safe machinery, tools, and implements with which to work and to supply him with reasonably safe material on which to work."

And this definition, found in the syllabus, was taken from the earlier case of *C., R. I. & P. Ry. Co. v. Duran,* 38 Okla. 719, 134 Pac. 876, and the same rule is announced in many other decisions of this court, some of which follow: *Great W. C. & C. Co. v. Malone,* 39 Okla. 693, 136 Pac. 403; *C., R. I. & P. Ry. Co. v. Bennett,* 36 Okla. 358, 128 Pac. 705; *Frederick Cotton Oil & Mfg. Co. v. Traver,* 36 Okla. 717, 129 Pac. 747; *Dewey P. C. Co. v. Blunt,* 38 Okla. 182, 132 Pac. 659; *St. L. & S. F. R. Co. v. Rushing,* 31 Okla. 231, 120 Pac. 973; *Choctaw Elec. Co. v. Clark,* 28 Okla. 399, 114 Pac. 730; *Solts v. S. W. Cotton Oil Co.,* 28 Okla. 706, 115 Pac. 776; *Neeley v. S. W. Cotton Oil Co.,* 13 Okla. 356, 75 Pac. 537, 64 L. R. A. 145; *Atoka Coal & M. Co. v. Miller,* 7 Ind. T. 104, 104 S. W. 555.

That this rule has become fixed and established in the law of this state is no longer open to controversy; but it may be added that the same rule is applied in the Supreme Court of the United States (*Railway Co. v. Peterson,* 162 U. S. 353, 16 Sup. Ct. 843, 40 L. Ed. 994, and cases cited), and in fact obtains in practically all the courts of this country.

Counsel for plaintiff, as we understand the brief, concede this to be the correct rule; but they contend earnestly and with plausibility that there was no issue of "safe place" or "safe tools and instrumentalities" before the jury, and that, even though the instruction be erroneous, it was harmless because of the condition of the evidence in the case. A casual reading of the allegation of negligence, answered by a general denial, must be sufficient to show this issue in the pleadings. But counsel argue that

the duty of the master to furnish reasonably safe tools and appliances was not in issue under the evidence; that defendant pitched its defense on the theory that the plaintiff was under the duty of setting up, and adjusting his own drill; and that defendant had not even the duty of exercising ordinary care in the matter. Defendant did undertake to prove that, under the rules of the company and the custom of the work, the driller had sole charge of setting up and adjusting his machine, and that if a nut or bolt was left loose and not properly adjusted, or if the machine was not properly placed on the ledge of rock, it was plaintiff's own carelessness. But the plaintiff denied this, and any notice of such a rule, or knowledge of such a duty resting upon him; and this point was submitted to the jury, and it must have found contrary to defendant's contentions. Having so found this fact, this left the duty on the master, in the minds of the jury, and of course then it became important, and in fact essential, that the jury be instructed, as to nature, and exact extent and limits, of the master's duty, in providing a place in which, and tools and appliances with which, the plaintiff was to do his work. The court evidently so understood the case, and attempted to so instruct the jury, but fell into error, as we have seen, and imposed upon the master a much higher duty than that imposed on him by law. To say that a master must furnish a "safe" place and "safe" tools and appliances has the effect of making the master an insurer of his servants' safety. If a place is absolutely "safe," a man could not possibly be injured on account of the condition of the place. If a tool or appliance is absolutely "safe," harm could not come on account of its condition with proper use by the servant. We think this error was harmful, and that the cause should be reversed on that account.

2. A number of other points are urged in the briefs; but, as the case must be tried again, we will not go into them, for we do not feel it wise to discuss the evidence, except to say that sufficient evidence is shown in the record to justify a remand for a new trial.

Reversed and remanded for a new trial.

By the Court: It is so ordered.