EZZARD *et al.* v. EVANS *et al.*

No. 3598.   Opinion Filed July 7, 1914.

(141 Pac. 1106.)

**APPEAL AND ERROR**—Presentation for Review—Briefs—Disposition of Cause.   Where the plaintiff in error has served and filed briefs in compliance with rule 7 (38 Okla. vi, 137 Pac. ix) of this court, and defendant in error has neither filed briefs nor offered an excuse for not doing so, the court is not required to search the record to find some theory upon which the judgment appealed from may be sustained, but may, where the brief appears reasonably to sustain the assignments of error, reverse and vacate the judgment in accordance with the prayer of the petition in error.

(Syllabus by Galbraith, C.)

*Error from District Court, Rogers County;*
*T. L. Brown, Judge.*

Action by John T. Ezzard and C. B. Holtzendorff against William W. Evans and the United Oil Company.   Judgment for the defendants, and plaintiffs bring error.   Reversed and remanded.

*John T. Ezzard* and *C. B. Holtzendorff,* for plaintiffs in error.

Opinion by GALBRAITH, C.   In a civil action pending in the district court of Rogers county wherein plaintiffs in error were plaintiffs, and the defendants in error William W. Evans and Lasoya Oil Company were defendants, the plaintiffs filed an affidavit for garnishment summons in regular form.   The summons was duly issued and served upon the United Oil Company. On the 15th day of January, 1912, before the 20 days allowed the garnishee for answer and before an answer was filed on its behalf the defendant William W. Evans filed the following motion:

"Comes now the above-named defendant, William W. Evans, and moves the court to dissolve the garnishment herein for the reason that the money sought to be garnished is in the custody of the court, and not subject to garnishment under the laws of the state of Oklahoma."

This motion was not verified, and the court upon consideration thereof made the following order:

"The matter coming on to be heard upon the motion of the defendant William W. Evans to discharge and dissolve the garnishment proceedings issued in said cause against the United Oil Company, as garnishee, and the Honorable T. L. Brown, judge of the district court in and for Rogers county, Okla., being present and presiding, and the plaintiffs being present, and the counsel for defendants being present, said cause was heard. That no witnesses were sworn to testify in said cause in support of such motion, and no evidence offered or taken and no affidavits filed or submitted, but that said motion being submitted as a proposition of law and argued by counsel, the court discharged and dissolved said garnishment proceedings and sustained said motion of the defendant and released and discharged the garnishee from further liability as such. To all of which the plaintiffs then and there excepted and objected, and their exceptions and objections were noted and allowed."

The plaintiffs have brought that order to this court for review and assigned as error: First, that the judgment vacating and discharging the garnishee was contrary to law; second, that the same was without evidence to support it; third, that the court erred in sustaining the motion and in dissolving the garnishment and releasing the garnishee; and, fourth, in overruling plaintiffs' motion for a new trial.

The plaintiffs in error have prepared briefs as required by rule 7 of this court (38 Okla. vi, 137 Pac. ix), service of which was accepted by the attorneys for the defendants in error, and the same were filed in this court on the 28th day of February, 1912. The defendants in error have not filed answer briefs or offered any excuse for not doing so, as required by said rule.

In passing upon the motion the trial court necessarily found as a fact that the money sought to be charged "was in the hands of the court." No testimony was taken. There was no evidence to support such finding.

The assignments urged by the plaintiffs in error seem to be well taken, and should therefore be sustained, and the order appealed from reversed and vacated, and said cause remanded for further proceedings. *Reeves & Co. v. Brennan,* 25 Okla. 544, 106 Pac. 959; *Hampton et al. v. Thomas et al.,* 35 Okla. 529, 130 Pac. 961.

By the Court:   It is so ordered.