# TURNER v. MAXEY, *et al.*

No. 6276.  Opinion Filed December 22, 1914.

(144 Pac. 1064.)

1. ATTORNEY AND CLIENT—Action for Compensation—Employment of Attorney—Submission of Issues—Sufficiency of Evidence. Plaintiffs sued defendant in four counts for legal services rendered in certain suits filed and prosecuted on behalf of defendant, said litigation covering a period from 1907 to 1912, inclusive. Plaintiff B, testified that defendant instructed him to institute and prosecute said suits; the purpose of which suits was to secure an accounting and to ascertain the exact condition of her business affairs under the control of Fred Turner. After the first suit was instituted, plaintiff B. employed plaintiff M. to assist in the prosecution of said suits. B. testified that defendant subsequently sanctioned his action. Defendant gave her son Clarence a power of attorney to transact her business, and he told her he had employed M. to assist in the prosecution of the suits. The last suit resulted in a compromise and settlement, wherein $22,000 was paid to defendant. The issues as to whether or not the suits were filed and prosecuted and said services were authorized by defendant were submitted to the jury and a verdict returned in favor of plaintiffs in the sum of $6,750. Held the court committed no error in submitting said issues to the jury. Held, further, that the evidence reasonably tends to sustain the verdict of the jury, and the same will not be disturbed.

2. SAME—Exclusion of Evidence. Assignments of error from two to nine, inclusive, relate to action of the court in sustaining objections to certain questions propounded to plaintiff B., wherein he was asked if certain specific questions were not propounded to defendant in the trial of the suits out of which this controversy arose, by which questions it was sought to prove the defendant's attitude toward said suits. Held that the court committed no error, for the reason that the answers to said questions would not prove, or tend to prove, any issue in the present case, and are so remotely connected with the present litigation as to render such questions and answers immaterial and incompetent.

3. SAME—Exclusion of Documentary Evidence. Assignments of error from 10 to 14, inclusive, relate to the action of the court in sustaining objections to certain questions propounded to plaintiff B., wherein it was sought to prove by said plaintiff that certain interests and property owned by his wife, who was

a granddaughter of defendant, conveyed certain interests in the property which was in litigation in the former suits referred to, and further relate to the action of the court in sustaining objections to the introduction of petitions in causes No. 2619, Clarence W. Turner v. Fred E. Turner et al., and No. 2592, Metropolitan Trust Co. v. Fred E. Turner et al. The purpose for which it was sought to introduce said petitions was to show bad faith on the part of counsel B. while representing defendant in the former suits. It appears that each of said actions last mentioned were filed long after the former litigation had been completed, and the services of plaintiffs terminated. Held that the court committed no error in sustaining the objections and refusing permission to introduce said petitions in evidence.

4.    TRIAL—Refusal of Instructions Covered—Attorney and Client. Defendant requested certain special instructions to be given to the jury, which were by the court refused. Held that, after examination of the general instructions of the court submitted to the jury, we are of opinion that the court fairly submitted the law applicable to the issues, and substantially included the propositions sought to be covered by the special requested instructions, and that no error was committed in this respect.

5.    APPEAL AND ERROR—Findings—Conflicting Evidence. From an examination of the entire record, it appears that the issues involved were controverted, and that they were fairly submitted to the jury under proper instructions from the court, and that there is sufficient evidence tending to support the finding of the jury, and the same will not be disturbed by this court.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; R. P. de Graffenreid, Judge.*

Action by N. B. Maxey and another against Julia A. Turner. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Zeveley, Givens & Stoutz,* for plaintiff in error.

*Thos. H. Owen, N. B. Maxey* and *Chas. Bagg,* for defendants in error.

RIDDLE, J. Defendants in error will be denominated plaintiffs, and plaintiff in error, defendant. Plaintiffs filed their amended complaint in the district court of Muskogee county, con-

taining four causes of action, each for legal services rendered by plaintiffs for defendant in certain litigation described therein. In the first cause of action, they claim the sum of $5,000. The second cause of action for $150 was abandoned, being barred by the statute of limitations. The third cause of action, the sum of $500, and in the fourth cause of action, the sum of $3,750. Defendant filed her answer, consisting of a general denial to each cause of action. Upon the issues as thus made, the cause proceeded to trial to a jury, resulting in a verdict in favor of plaintiffs in the sum of $6,750. After motion for new trial was filed and overruled, defendant prosecutes error in this court by filing her petition with original case-made attached.

Counsel for defendant set out 22 assignments of error. Assignments Nos. 2 to 14, inclusive, relate to the action of the court in sustaining objections to certain questions, wherein defendant sought to introduce certain testimony relating to former proceedings, and as these assignments are controlled by the same proposition of law, it will serve no useful purpose to set them out at length. The first assignment of error is: The court erred in overruling motion of plaintiff in error for a new trial. The fifteenth and sixteenth assignments each relate to the action of the court in refusing to exclude certain expert testimony regarding the reasonable value of the services rendered by plaintiffs. The seventeenth assignment relates to the action of the court in withdrawing from the jury part of the answer to the following question: "Did you ever have any agreement with Mr. Bagg as to what he was to receive for his services in your behalf? A. Never had any conversation with him about the same at all. Clarence told me that he was to have 10 per cent. of what he got." The eighteenth, nineteenth, twentieth, twenty-first, and twenty-second assignments relate to the action of the court in refusing to give certain special requested instructions.

In substance, the testimony tended to show that Chas. Bagg, who was the son-in-law of Clarence Turner, was employed by

defendant to institute legal proceedings for the purpose of securing an accounting, and the condition of defendant's business, which was then in the hands of her son, Fred Turner. The business consisted principally of business houses and blocks in the city of Muskogee, and amounted in value to approximately one-fourth to one-half a million dollars. Plaintiff Bagg testified that he was employed by defendant to institute such proceedings; that thereafter, at her request, he instituted three other suits, the object of which being practically the same; that is, to get control of her business, to cancel certain alleged fraudulent conveyances, and to have appointed a receiver, and secure an accounting. It appears that after the first suit was filed, plaintiff Bagg made application to Judge Lawrence, judge of the Western district of Indian Territory, for appointment of a receiver, which application was denied on the day before statehood; that thereafter, finding that said matters were complicated, he employed plaintiff Maxey to assist him; that he did not consult defendant when he first employed Mr. Maxey, but talked it over with her afterwards, and it was all right with her; that each of the suits was filed with the knowledge of defendant, and she requested them to be filed.

Defendant testified as a witness, and while her testimony is very indefinite and uncertain, as might be expected of a woman of her age, yet she corroborates to a certain extent the testimony of plaintiff Bagg. The following questions were propounded to her, and she answered as indicated:

"Q. Did you know Charley Bagg was working on that? (Referring to another suit.) A. I suppose so. He employed him in the other suit. I suppose of course he would employ Mr. Bagg. Q. What other suit do you refer to, Mrs. Turner? A. Why, the first suit. Q. Well, now, did he ever tell you he had employed Mr. Maxey to help Mr. Bagg in the lawsuit? A. Yes; he said he had gotten Mr. Maxey to help him."

Defendant further testified:

"Q. Did you have a talk with Mr. Bagg about bringing the suit for you? A. No, sir; Clarence got them to bring the suit. Q. Did Clarence Turner attend to your business for you? A. Clarence Turner is attending to my business, and has ever since I have been on this side. Q. You remember about when that was? A. I cannot tell exactly. I think it is six years this next December since we moved over to this side—since leaving Fred's. Q. Did you sign any paper giving him the right to look after your business? I did not sign any paper; did not sign that paper. Q. Giving Clarence? A. I will not be certain as to that. Yes, I did; gave him a power of attorney to do my business. Q. That is, Clarence? A. Yes, sir; and then I went there. Q. Did Clarence ever talk to you about bringing suit against Fred, and getting the property or your part of the rents? A. Yes, sir; to get what belonged to me. Q. Clarence told you, talked that over with you? A. Yes, sir; talked to me. Q. Well, now, did he ever tell you he had employed Mr. Maxey to help Mr. Bagg in the lawsuit? A. Yes, he said he had gotten Mr. Maxey to help him. Q. Did you ever pay Mr. Maxey anything for that? A. No, sir; I have not paid anything."

The various assignments of error may be disposed of under three propositions: (1) Is the evidence sufficient to show that defendant personally authorized or employed plaintiffs to represent her in filing and prosecuting the suits in question, or was her son, Clarence, authorized to make a contract of employment? (2) Did the court commit error in sustaining objection to certain questions propounded to plaintiff regarding questions asked defendant and her answers thereto in the trials of the former cases? (3) Did the court commit error in refusing to give certain requested instructions by defendant? These questions will be considered in the order in which they are set out.

It appears from the record that this litigation began in the fall of 1907, and extended over a period of about five years. The first suit filed was prosecuted to the Supreme Court, and the judgment of the trial court affirmed against defendant herein. It appears that in the fourth suit filed, being one of the suits for which compensation is claimed for legal services rendered, that a

Form 5

settlement was secured in favor of defendant for the sum of $22,000; that this settlement was made is not denied; that a short while after the suit was filed, a compromise was affected, and the money was turned over to Mrs. Turner, or at least it is admitted that she receipted for same. There can be no question but the testimony in reference to the employment, both of Mr. Bagg and Mr. Maxey, was sufficient to take the case to the jury upon this issue. It is equally clear, taking into consideration the period of time over which these proceedings extended, the character of litigation, the fact that in the last suit filed a settlement was obtained, and, as a result thereof, defendant received an amount more than $22,000, was sufficient to carry the case to the jury upon the question of ratification, or an implied contract.

The second proposition relates to the action of the court in sustaining an objection to the introduction of certain evidence, which is assigned in the petition in error as follows:

"(2) Said district court erred in ruling out from consideration by the jury the testimony of the witness Charley Bagg reproducing testimony of Julia A. Turner from a former suit, indicated by the following question and answer asked said Bagg: 'Was not this question asked her, "In your complaint which is filed here"— this refers to the complaint in this case, the case of which is the original case—"you allege Fred E. Turner exercised a fraud, duress, and undue influence over and upon you by means of false representations or by threatening and cajoling and other things inducing you to sign the deed to him?" And did she in answer say, "Well, that is the first I have heard of that." Is that correct? A. Yes, sir; that is correct.'"

"2. Said district court erred in sustaining the objection of the plaintiffs to the following question to the witness Bagg: 'Q. Was she not asked this question by one of the counsel for Fred E. Turner: "Did you desire the suit brought to find out how your business stood, Mrs. Turner?" and did she not answer, "That is just why I wanted to find out. I wanted to find out all about it and know what I got."'"

"4. Said district court erred in sustaining the objection of

the plaintiffs to this question to the witness Bagg: 'Q. Was not this question asked her by one of counsel for Fred E. Turner: "In this complaint which is filed here you allege that Fred E. Turner will exercise a fraud, duress, and undue influence over and upon you by means of false representations and by threats and cajoling and other things induced you to sign the deed to him, is that true?" And did she not answer: "Well, that is the first I have heard of that." '

"5. Said district court erred in sustaining the objection of the plaintiffs to the following question to the witness Bagg: 'Q. Was she not asked this question by one of the counsel for Fred E. Turner: "Well, that is in the paper which is on file in this case. Did Mr. Bagg, your attorney, read over to you the complaint before you signed it, the original complaint and the amended complaints, Mrs. Turner, if you can remember?" And did she not answer: "No, I don't remember anything about what you mean. I don't know anything about what you mean." '

"6. Said district court erred in sustaining the objection of the plaintiffs to the following question to the witness Bagg: 'Q. Was she not asked this question by one of counsel for Fred E. Turner: "And you then did not tell Mr. Bagg, your attorney, to put in this complaint?" And did she not answer: "No, I didn't." '

"7. Said district court erred in sustaining the objection of the plaintiffs to the following question to the witness Bagg: 'Q. Was not Mrs. Turner asked this question by one of counsel for Fred E. Turner: "That Fred E. Turner had obtained this property by fraud, and cajolery, and by threats and other methods, and did not you know that Mr. Charles Bagg stated during a colloquy concerning said question: I will take the responsibility of every allegation in that complaint." '

"8. Said district court erred in sustaining the objection of the plaintiffs to the following question to the witness Bagg: 'Q. Was not Mrs. Turner asked this question by counsel for Fred E. Turner: "Is it true, Mrs. Turner, that Fred ever forced you to sign any deed?" and did she not answer: "He never forced me to." '

"9. Said district court erred in sustaining the objection of

the plaintiffs to the following question to the witness Bagg: 'Q. Was not Mrs. Turner asked this question by counsel for Fred E. Turner: "It is also stated in this complaint that he threatened and cajoled you into making this deed, is that true, Mrs. Turner?" and did she not answer: "He didn't make any threats to me." '

"10.  The said district court erred in sustaining the objection of the plaintiffs to the following question to the witness Bagg: 'Is there not in litigation now, pending in the United States court, on removal from this court, on behalf of your wife and her brothers and sisters and her father, C. W. Turner, and your wife's cousins, Kirkwood, in which the fee-simple interest of Mrs. Turner to this old homestead company property is involved?'

"11.  Said district court erred in sustaining the objection of the plaintiffs in the following question to the witness Bagg: 'Q. Mr. Bagg, has your wife, Tooka Turner Bagg, ever made a conveyance of any interest she claimed in this old homestead property to the Metropolitan Trust Company?'

"12.  Said district court erred in sustaining the objection of the plaintiffs to the following question to the witness Bagg: 'Q. When was the conveyance of your wife to the Metropolitan Trust Company?'

"13.  Said district court erred in sustaining the objection of the plaintiffs to the introduction in evidence by the defendant of the petition in case No. 2619, Clarence W. Turner and others v. Fred E. Turner and others, in the district court, and in connection therewith the petition in case No. 2592, in the superior court, entitled: Metropolitan Trust Company v. Fred E. Turner and others.

"14.  Said district court erred in sustaining the objection of the plaintiffs to the introduction in evidence by the defendant of the petition in case No. 2592, Metropolitan Trust. Company against Fred E. Turner and others."

The court sustained an objection, and held that the facts sought to be introduced by the foregoing questions were immaterial, and we are now requested to hold that this ruling was prejudicial error. These different questions relate to the con-

duct of the plaintiff Bagg, while acting as attorney in certain other proceedings out of which the present suit arose. Both Mr. Bagg and defendant were witnesses in this proceeding. We are at a loss to see how it would be material in the trial of the issues now before the court to require or permit the witness Bagg to testify as to facts elicited by the questions propounded. If there was a record of this evidence, the questions here propounded and the evidence in the former proceedings were incompetent; and, in addition thereto, Mrs. Turner was a witness before the court in the trial of this cause, and could testify in her own behalf as to her attitude toward plaintiff Bagg and the suits which he claims to have prosecuted in her behalf. If she did not authorize the filing and prosecution of the suits, and they were done without her knowledge, and if she had not ratified the same, then that would have been an end to the present suit. On the other hand, if she did authorize the filing and prosecution of the suits, and plaintiff, in good faith, performed the services alleged, then it would be immaterial as to her attitude or the statements she may have made in the trial of said suits. It would not tend to prove or disprove any issue in the present case, neither would it tend to strengthen or weaken plaintiff's cause of action or defendant's defense. It is contended, however, that this testimony was competent and material on the issue of good faith of plaintiffs. This contention is not sound. If she had authorized the institution and prosecution of the suits, which was not denied by her, then we can hardly see how the failure of the court to permit answers to the questions relating to former questions propounded to defendant and her answers thereto would prove, or tend to prove, the good or bad faith of plaintiffs.

It is next contended under this proposition that the court erred in sustaining objection to the introduction in evidence of the petitions in cases Nos. 2619 and 2592. The first of said suits is styled: Clarence W. Turner v. Fred E. Turner *et al.*, and the second, Metropolitan Trust Co. v. Fred E. Turner *et al.* It is claimed that plaintiff Bagg and his wife were directly in-

terested in each of these suits; that defendant should have been permitted to introduce these petitions in evidence in this case, in order to show the bad faith of plaintiff while representing defendant in the former proceedings, and as tending to show that he fraudulently harbored claims against her which were antagonistic to his client. We are again at loss to see how this could have affected this issue. These suits were filed long after all the former suits were concluded, and the employment terminated. They were too remotely connected with the present suit to have been competent or material testimony upon the issue in this case. We therefore hold that the court below did not err in excluding this line of testimony.

Counsel for defendant have failed to discuss in their brief the assignment of error relating to the action of the court in receiving the expert testimony as to the value of services of plaintiffs, and it will be unnecessary to notice this proposition.

The next proposition is error of the court in refusing to give certain requested instructions. The first requested instruction is as follows:

"The court instructs the jury that if the evidence fails to reasonably satisfy them that plaintiffs were faithful in their service for which they claim compensation in this cause, they ought not to recover therefor."

We are of the opinion that the court committed no error in refusing to give this instruction. This proposition was included in the court's general charge.

The second requested instruction which the court refused to submit to the jury is as follows:

"The court instructs the jury that if they believe from the evidence that the plaintiffs or either of them had or harbored, concurrently with their service to her, a claim with reference to the title of the property concerned in the litigations testified to in this case that was in conflict with the claims and interest

of Julia A. Turner, whom they claimed to represent in said litigation, such would be unfaithful and improper conduct, debarring such counsel guilty thereof from the right to recover any compensation for such service."

It is undoubtedly the law that when counsel is unfaithful, fraudulently conceals facts from his client, or in bad faith becomes personally interested in his client's litigation, antagonistic to his client, he is not entitled to recover compensation for any service rendered, while so acting in bad faith, and with reference to property rights involved. The court told the jury in its general charge that, as a condition precedent to the right of recovery by plaintiffs, they must show by a preponderance of the evidence that they were employed by defendant, either in person or by her legally authorized agent, that they accepted said employment and undertook to and did institute and faithfully perform the services rendered. The jury was further told that, if they found plaintiffs were entitled to recover, they should take into consideration the character of service rendered, importance of same, the manner in which the suits were conducted by plaintiffs, and the results obtained. It seems that this was sufficiently clear to advise the jury that in the event plaintiffs were guilty of either fraud or acted in bad faith toward defendant, they would not be authorized to recover. These are, in effect, the same propositions included in the requested instructions. We are doubtful if there was sufficient evidence to warrant the court in submitting the issue involved in requested instruction No. 2. Certainly, there was not an intimation of any bad faithh, on the part of Mr. Maxey, and any instruction requested covering this proposition should not have made any reference to him. Thus we hold that the court did not err in refusing to give this instruction.

The third requested instruction reads:

"The court instructs the jury that the plaintiffs ought not to recover in this case for any service to defendant Julia A.

Turner that was not previously authorized by her or subsequently ratified by her."

This instruction was also covered in the court's general charge in unambiguous language. The court made it a condition precedent to a recovery that plaintiffs show that they had either been employed personally by defendant or by her duly authorized agent.

The fourth requested instruction reads:

"The court instructs the jury that in this case the success or nonsuccess of the suits instituted by plaintiffs for Julia A. Turner may be looked to, along with other facts and circumstances as stated in the court's instruction to you, as an element to aid you in fixing the value of plaintiff's services, if you find for the plaintiffs."

As we have seen, this proposition was included in the court's general instruction, and it was not necessary to repeat same, hence, it need not be noticed further.

The fifth requested instruction reads:

"The court instructs the jury in this case that they ought to find a verdict for defendant."

This instruction was properly refused, for the reason, as we have seen, there was sufficient evidence to carry this case to the jury upon every issue.

After a careful examination of the entire record, it appears to us that this is simply an ordinary lawsuit, and the questions to be determined were as to whether or not plaintiffs had been employed to perform certain legal services for defendant, and whether or not they faithfully performed such services, and, if so, the value thereof. It is admitted by both parties there was never any agreement as to the amount to be paid for the services rendered, and this, of course, was an issue to be determined by the jury upon the facts and circumstances in the case. The

issue was fairly submitted to the jury. The jury returned a verdict in favor of plaintiffs, and thereafter it was approved by the trial court, and no sufficient reason has been shown why we should disturb that verdict. It is not one of those cases where it can be claimed that a verdict was returned in favor of plaintiffs through sympathy, passion, or prejudice. Our observation and experience has taught us that when a professional man, as are the plaintiffs, seeks to recover for professional services before a jury of his country, it is seldom that the minds of the jurors become inflamed by reason of any wrongdoing or any outrage perpetrated upon him, causing a return of an excessive verdict, or one contrary to the evidence.

Finding no prejudicial error in the judgment of the trial court, the same is affirmed.

All the Justices concur, except KANE, C. J., absent, not participating.