## BRUCE v. McINTOSH *et al.*

No. 3533.   Opinion Filed January 19, 1915.

On Rehearing May 23, 1916.

(159 Pac. 261.)

1.    **DESCENT AND DISTRIBUTION—Persons Entitled—Separated Parents—"Care."**  The word "care," as used in subdivision 3, sec. 1, c. 35, p. 549, Sess. Laws 1909 (section 8418, Rev. Laws 1910), in respect to descent of the estate of a deceased minor having no inheritable kin except parents who are not living together, requires that the parent in whose behalf sole heirship is claimed must be shown to have borne practically the entire burden of parental duty, including maintenance and such other expenses as such duty requires, toward such minor at the time of such minor's death and during substantially the full period of such separation.

2.    **SAME.**  Where the parents of a deceased minor had been separated one or two years at the time of the death of such minor, the parent who has had the entire burden of parental duty, including maintenance, as well as custody and personal attention of such minor, during the full period of such separation, takes all the estate of such minor, under subdivision 3, sec. 1, c. 35, p. 549, Sess. Laws 1909 (section 8418, Rev. Laws 1910).

3.    **APPEAL AND ERROR—Conflicting Evidence—Number of Witnesses.**  A judgment, supported by the testimony of a single witness, will be sustained, notwithstanding several other witnesses testify to the contrary on a material point, as this court will not weigh evidence against conflicting evidence.

(Syllabus by Thacker, C.)

*Error from District Court, Hughes County; John Caruthers, Judge.*

Action by John L. Bruce, for partition of real estate, against Rosa McIntosh or Starr and Lee A. Voorhees; cross-petition by Voorhees claiming title to all of same. Judgment for defendant Voorhees, and plaintiff brings error.   Affirmed.

*Mann, Rogers & Harris,* for plaintiff in error.

*William M. Matthews* and *Ralph H. Ellison,* for defendants in error.

Opinion by THACKER, C. Plaintiff in error was plaintiff and defendant in error was defendant in the trial court. In October, 1909, Nathaniel McIntosh, "a new-born Creek Indian, enrolled as No. 1131," at the age of five years, died intestate and seised and possessed of the following described allotted land in Hughes county, Okla., to wit:

"The southeast quarter of the southwest quarter of the southeast quarter and the east half of the southeast quarter, all in section one (1) township nine (9) north, range thirteen (13) east."

Greeley McIntosh, his father, and Rosa McIntosh, his mother, survived his death; and, he having died unmarried and without issue, they would admittedly have taken in equal shares all his estate but for the fact that they were not living together at the time of his death, nor during the period of one or two years next prior thereto; and the question as to the exclusive "care" of such minor during that period and at the time of his death is in controversy. Subdivision 3, sec. 7, ch. 35, Sess. Laws 1909 (section 8418, Rev. Laws 1910), which the parties concede to be controlling, at page 549, reads:

"If there be no issue, nor husband nor wife, nor father nor mother, then in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister by right of representation; if the deceased, being a minor, leave no issue, the estate must go to the parents equally, if living together, if not living together, to the parent having had the care of said deceased minor."

We think the word "care," as used in this section of the statute, requires that the parent in whose behalf its discriminatory and excessive benefit is asserted must be shown to have borne practically the entire burden of parental duty towards the minor, including maintenance and such other expenses as such duty requires, at the time of the minor's death and during substantially the full period of such separation of parents, to be entitled to such exclusive inheritance. *Kelly v. Jefferis,* 3 Pennewill, 286, 50 Atl. 215; *Christy v. Pulliam,* 17 Ill. 59.

The plaintiff, under a conveyance from Greeley McIntosh, sues for a partition to him of one-half undivided interest in this land; and the defendant, under a conveyance of all the land from Rosa McIntosh, denies plaintiff's claim of right, and asks that his title to all the land be quieted against the plaintiff, etc., upon the ground of such separation and Rosa McIntosh's "care" of the minor at the time of its death and during such period of parental separation. The judgment was for the defendant; and, there being evidence reasonably tending to support the same, in that all the evidence shows such separation and Rosa McIntosh testifies unequivocally to such exclusive care of the minor, notwithstanding Greeley McIntosh and several other witnesses contradicted her in respect to whether Greeley McIntosh contributed to the support of the minor during the period of such separation, the judgment should be affirmed. See *Board of County Com'rs of Woodward Co. v. Thyfault,* 43 Okla. 82, 141 Pac. 409; *Alfred v. St. Louis, I. M. & S. Ry. Co.,* 42 Okla. 4, 140 Pac. 415; *Elwell v. Purcell,* 42 Okla. 467, 140 Pac. 412.

APRIL TERM, 1916.—VOL. LVII. 777

ON REHEARING.

Opinion by COLLIER, C. Upon an examination of the record, we are of the opinion that the original opinion handed down in this cause is correct, and therefore recommend that said opinion of Commissioner Thacker be refiled as the opinion in this case.

By the Court: It is so ordered.