## GREAT WESTERN COAL & COKE CO. v. SERBANTAS.

No. 4438.    Opinion Filed July 20, 1915.

(150 Pac. 1042.)

1. **EVIDENCE—Evidence to Sustain.** The evidence is sufficient to sustain a judgment if there is any evidence whatever reasonably tending to prove, either directly and immediately or by permissible inference, the essential facts.

2. **TRIAL—Instructions.** It is not error for the trial court to refuse a requested instruction to the jury as to law that is fairly given, although in another form, in the general instructions.

3. **SAME—Error Cured.** In the absence of statute, the law only requires that a master exercise ordinary care to furnish his servant reasonably safe or suitable appliances; but it is not reversible error, though technically wrong, for the trial court to instruct without any express qualification that it is the duty of the master to furnish his servant suitable appliances, especially when the master's duty is correctly stated elsewhere in the instructions given and when it appears that the appliances at hand to the servant were absolutely unsuited and no care whatever was exercised to comply with his timely request for others.

(Syllabus by Thacker, C.)

*Error from District Court, Latimer County; W. H. Brown, Judge.*

Action by Laurentas Serbantas against the Great Western Coal & Coke Company for damages for personal injuries. Judgment for the plaintiff, and defendant brings error. Affirmed.

*Gordon & McInnis,* for plaintiff in error.

*C. R. Hunt* and *W. T. Williams,* for defendant in error.

Opinion by THACKER, C. Plaintiff in error will be designated as "defendant" and defendant in error as

"plaintiff," in accord with their respective titles in the trial court. Plaintiff, a coal miner in defendant's mine, was, on March 24, 1906, injured by the fall of a rock about 14 inches thick, about four feet wide, and of undisclosed length, from the roof of the mine room in which he worked; and he brought this action and recovered a verdict and judgment against defendant mine owner for $1,000 as damages predicated upon the defendant's negligence in respect to its duty to exercise ordinary care to furnish the plaintiff reasonably safe props with which to support the roof of said room.

Rejecting all adverse evidence, and stating this case as strongly as the evidence, with all inferences which may be drawn in favor of the plaintiff, will permit, it appears that a blast of the previous night had broken up into a workable condition solid coal to the extent of not less than two nor more than five feet into the face of a stratum thereof about four feet thick that was being mined somewhat upwards upon an incline of an undisclosed degree of acclivity from the room below; that immediately above such stratums of coal in many instances, including this one, is a stratum of inferior and bony rock or slate that separates the solid coal from the solid rock above it and that is often loosened by the blasts made in the coal, and that, especially upon the removal of the coal, is more or less liable to fall if allowed to remain without props; that such blasts may not only crack and loosen the inferior and bony rock or slate immediately above the coal, but may affect the same in the roof immediately back of and along the declivity of the same in that lower part of the room from which the coal has been removed; that it is the practice of the miners in respect to their own safety in the places in which they are at

work to either bring such cracked and loosened rock down with their picks, or place props under the same to pervent it from falling; that it is the practice of the mine owners, upon request, to furnish the miners with such props and to look after and care for the safety of a roof after a miner, in the progress of his work, has passed considerably beyond a place of prior work; that the upper end of the rock that fell upon the plaintiff was immediately above the coal that had been broken up by the blast and perhaps rested upon the same, while the lower end at least remained attached to the roof back of such coal and above a portion of the room, from which the coal had been previously removed, until afternoon on said day, when this rock fell upon plaintiff as he was going toward the entrance at the lower part of the room to get some tools; that plaintiff had asked for props three days before and again on the morning he was injured, but defendant had neglected to furnish them; that all along there were one or two and perhaps more props, from one and a half to two feet too short to reach the roof, lying close at hand, but none reasonably suited for use in propping this rock; that, notwithstanding the plaintiff is strongly contradicted by other witnesses in this respect, he had not discovered that said rock was not securely attached to the roof or needed picking down or propping up before he was injured; and that, the roof being generally bad and dangerous, within his knowledge, in respect to such inferior and bony rock or slate, if reasonably suitable props had been furnished him he would have securely propped said rock against the danger of its falling.

We cannot say, as a matter of law, that, allowing plaintiff all reasonable inferences, there is no evidence

reasonably tending to prove that defendant was negligent of its duty in the matter of furnishing reasonably safe and suitable props, and that, if the same had been furnished, plaintiff would have propped the roof so as to have prevented said rock from falling; and, notwithstanding it seems barely possible to infer that defendant's failure to furnish reasonably suitable props was a proximate cause of his injury, we hold the evidence sufficient to take the case to the jury.

Numerous instructions relating in one way or another to the question as to whether defendant was guilty of any negligence proximately causing plaintiff's injuries, and as to whether, if so, he assumed the risk in which he was injured, or contributed to the negligent cause thereof, were requested and refused, and defendant predicates an assignment of error upon each of these; but, in our opinion, these questions were fully and fairly covered in the general instructions given, which is as much as it was entitled to receive in the instructions of the trial court. *Missouri, O. & G. Ry. Co. v. Miller,* 45 Okla. 173, 145 Pac. 367; *Seay v. Plunkett,* 44 Okla. 794, 145 Pac. 496; *Turner v. Maxey,* 45 Okla. 125, 144 Pac. 1064; *St. Louis & S. F. R. Co. v. Brown,* 45 Okla. 143, 144 Pac. 1075; *San Bois Coal Co. v. Resetz,* 43 Okla. 384, 143 Pac. 46; *St. Louis & S. F. R. Co. v. Model Laundry,* 42 Okla. 501, 141 Pac. 970; *M., O. & G. Ry. Co. v. Vandivere,* 42 Okla. 427, 141 Pac. 799; *Farmers' Nat. Bank v. McCoy,* 42 Okla. 420, 141 Pac. 791; *Alfred v. St. Louis, I. M. & S. Ry. Co.,* 42 Okla. 4, 140 Pac. 415; *St. L. & S. F. R. Co. v. Cox, Peery & Murray,* 40 Okla. 258, 138 Pac. 144; *St. Louis & S. F. R. Co. v. Long,* 41 Okla. 177, 137 Pac. 1156.

It was not reversible error, especially in view of the other instructions given and of the fact that defendant wholly failed to comply with plaintiff's request for props, to instruct the jury as follows, omitting the appropriate words we here now insert in parenthesis, to-wit:

"You are further instructed in this connection that, when a servant is engaged in driving a tunnel or extending a room or entry in a coal mine, which requires timbering as the work progresses, it. is the duty of the master (to exercise ordinary care) to furnish (reasonably safe or) suitable appliances and timbers for doing the timbering, and for an injury to a servant, because of the neglect of this duty, the master is liable."

The omission of the words "to exercise ordinary care" and "reasonably safe or," and the omission to use any qualifying words in respect to the duty of the master and character of the appliances and timbers and the absolute form of the instruction was undoubtedly an error, although not of such a character as to require a reversal of the case. *Dewey Portland Cement Co. v. Blunt,* 38 Okla. 182, 132 Pac. 659; *Dolese Bros. Co. v. Smith,* 42 Okla. 452, 141 Pac. 775; *Oklahoma Portland Cement Co. v. Shepherd,* 47 Okla. 258, 147 Pac. 1031; *Great Western Coal & Coke Co. v. Malone,* 39 Okla. 693, 136 Pac. 403, and cases there cited; *Chickasaw Comp. Co. v. Bow,* 47 Okla. 576, 149 Pac. 1166.

The vice of this instruction is, at its worst, reduced to an insignificant minimum by repeated instructions given to the jury correctly stating the law in this regard, advising the jury in a number of different instructions that the master's duty in this regard is qualified as shown by the words we have parenthetically inserted in the above instruction. Further, the court expressly instructed

the jury that they must consider the instructions all together and no portion to the exclusion of any other portion.

For the reasons stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.