(166 App. Div. 608)

### WALL v. MERKERT.   (No. 6915.)

(Supreme Court, Appellate Division, First Department.   March 19, 1915.)

MUNICIPAL CORPORATIONS ☞706—USE OF STREETS—INJURY FROM AUTOMO-
BILE—EVIDENCE.

In an action for the death of plaintiff's intestate, killed by defendant's automobile, evidence *held* not sufficient to support a verdict that decedent was free from contributory negligence and that the accident was caused solely by the negligence of defendant's servants.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ☞706.]

Laughlin and Hotchkiss, JJ., dissenting.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Trial Term, New York County.

Action by Minna V. D. Wall, as administratrix, etc., of William V. D. Wall, deceased, against Emily Merkert. From a judgment upon a verdict, and from an order denying a new trial defendant appeals. Judgment and order reversed, and new trial ordered.

Argued before CLARKE, LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Amos H. Stephens, of New York City (E. Clyde Sherwood, of New York City, of counsel, and Robert B. Cumming, of New York City, on the brief), for appellant.

Victor Deutsch, of New York City (Joseph F. Murray, of New York City, of counsel), for respondent.

CLARKE, J. The plaintiff's evidence tended to show that her intestate, a man 59 years of age, between 8 and 9 o'clock on the evening of January 18, 1913, was walking west on the south side of Eighty-Third street, towards First avenue. There are two surface railway tracks running along the center of First avenue. When he came to the avenue, he started to cross, either on the south crosswalk to the southwest corner, or in a diagonal direction to the northwest corner of Eighty-Third street. When he had passed over both rails of the north-bound track, and had reached the space between the north-bound and south-bound tracks, the chauffeur of defendant's automobile, which was proceeding up First avenue on the north-bound track, sounded his horn. The decedent threw up his hands, took one or two steps back towards the east and upon the north-bound track in front of the automobile, and was instantly hit by the left front edge thereof, thrown down, and killed. He was hit while in the act of stepping back upon the north-bound track. He had looked in the direction in which the automobile was coming just before he started for the east, and looked again in that direction while stepping back. The automobile was running north on First avenue, on the north-bound track, with lamps lighted, at a speed of between 11 and 12 miles an hour. The chauffeur sounded his horn at Eighty-Second street, in the middle of the block between Eighty-Second and Eighty-Third streets, and for the third time near the south crosswalk of Eighty-Third street, at a distance variously estimated by witnesses for the plaintiff to be 20, 30, or 40 feet from the decedent. There were no vehicles obstructing the avenue at this time.

Accepting the plaintiff's version of the accident, as did the jury by its verdict, the judgment cannot be sustained. The decedent had reached a place of safety and suddenly stepped backward in the path of the automobile. The ground upon which the recovery is sought to be sustained is that the decedent was placed in a position of danger by the negligent blowing of the automobile horn. In the charge the learned court said to the jury:

"It is claimed by the plaintiff that this man had safely crossed the north-bound track, when, excited or disturbed or frightened by the sound of this Klaxton horn, instead of stepping forward, he stepped back on to a point between the rails of the north-bound surface railroad track; that then, in

stepping forward again, in order to go west, he was struck by what would be the northeast part of the car."

And again he said:

"Was this man, having gotten in a position of safety, frightened by the automobile horn, so that he stepped back one step, and then in stepping forward, before he could get out of the way was run down by the negligence of the employé of the defendant?"

And at the close of the charge a juror asked:

"Is there any law in the case, where a horn is blown and a person gets excited and steps back—is there any law on that subject?"

"The Court: I will charge this way: That man had a right to be upon that street for the purpose of crossing; if he stepped back, as a consequence of some reckless act upon the part of some other person, and if as a consequence of that he was injured, then the defendant would be responsible for the injury sustained—for the death in this case."

The learned counsel for the respondent in his brief states:

"We have been unable to find any cases in this state holding that the blowing of a horn under such circumstances is a negligent act."

It is provided in chapter 374 of the Laws of 1910, entitled "An act to amend the Highway Law in relation to motor vehicles," in subdivision 1 of section 286, that every motor vehicle shall be provided with "a suitable and adequate bell, horn or other device for signaling," and subdivision 2 provides:

"* * * Upon approaching a pedestrian who is upon the traveled part of any highway and not upon a sidewalk, and upon approaching an intersecting highway or a curve or a corner in a highway where the operator's view is obstructed, every person operating a motor vehicle shall slow down and give a timely signal with his bell, horn or other device for signaling."

It has been held in innumerable cases that a failure to observe an ordinance or a statute is evidence of negligence. This is the first case that has been brought to our attention where obedience to an ordinance or statute is made the ground of a recovery for negligence.

I think the verdict that the plaintiff's decedent was free from contributory negligence, and that the accident was caused solely by the negligence of the defendant's servant is flatly against the evidence.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

SCOTT and DOWLING, JJ., concur. LAUGHLIN and HOTCH-KISS, JJ., dissent.