SHALKOWITZ v. J. M. HORTON ICE CREAM CO.

(Supreme Court, Appellate Division, First Department.   April 20, 1916.)

1. MUNICIPAL CORPORATIONS ⬅➡706(5)—COLLISION WITH AUTOMOBILE.

Evidence that plaintiff stepped in front of the automobile by which she was injured *held* to show that a verdict for plaintiff was against the weight of evidence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ⬅➡706(5).]

2. DAMAGES ⬅➡158(3)—PLEADING—PROOF—INJURY TO WOMAN.

Where the only pain to a woman plaintiff pleaded or specified in the bill of particulars was that from fracture of the pelvis, it is error to receive evidence that the fracture prolonged plaintiff's pain at menstrual periods.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 441; Dec. Dig. ⬅➡158(3).]

Appeal from Trial Term, New York County.

Action by Anna Shalkowitz against the J. M. Horton Ice Cream Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Walter L. Glenney, of New York City, for appellant.
Clark L. Jordan, of New York City, for respondent.

LAUGHLIN, J.   A few minutes after noon on the 16th day of March, 1914, the plaintiff, while passing from the sidewalk at the northeasterly corner of Seventh avenue and Twenty-First street in the borough of Manhattan, New York, for the purpose of boarding a north-bound surface street car, which had come to a stop at that corner to receive passengers before she stepped off the curb, was struck and injured by a Pierce-Arrow auto-truck owned by the defendant, which at that point concededly was proceeding northerly along the easterly side of the avenue within about four feet of the curb. The evidence is conflicting as to whether the plaintiff fell in front of the truck or was struck and knocked down by it. The evidence on her part tends to show that she was struck by the left front of the truck, and that on the part of the defendant tends to show that, if struck by the truck, the right front of it must have come in contact with her. The uncontroverted evidence shows that, after she was thrown down or fell, she was run over by the right front wheel of the truck.

The evidence on the part of the plaintiff, consisting of the opinion of one Allen, a detective sergeant of police, with respect to the speed of the truck, is that it was going at the rate of about 20 miles an hour, and moved more than the length of the truck after hitting plaintiff before stopping; and that on the part of the defendant tends to show that it was moving only from 6 to 8 miles an hour and stopped within a few feet. The avenue and street were unobstructed. The plaintiff and Miss Smith, who accompanied her, stood visiting with Allen

at the northeasterly corner of the avenue and Twenty-First street for a few minutes, and as the north-bound car came along Miss Smith stepped out to board it, and as the car was coming to a stop the plaintiff was bidding Allen good-bye, and immediately after it stopped she stepped off the curb toward the car. She testified that just before leaving the curb she looked up and down the avenue, and did not see the truck or any vehicle, and that after taking a step or two, or walking two or three feet from the curb, she looked again with the same result; and she explained her inability to see the truck on the ground that it must have come around the corner of Twenty-First street, for she says that if it had come up the avenue she would have seen it.

There is no direct evidence that the truck came into Seventh avenue from Twenty-First street; but Miss Smith also testified that she looked before crossing over to the car and did not see the truck, and Allen testified that he was looking toward the west and did not see it until it was within 5 or 6 feet of the plaintiff, to whom he shouted, "Run, Annie!" and he says the plaintiff then attempted to run toward the street car, but there was not time for her to clear the truck. One Steierman, who conducted a bakery at that corner and was standing near the window looking out, saw the plaintiff, Miss Smith, and Allen visiting on the corner, and from where he then was could see down the avenue a block or two, and says he did not see the truck; but his attention was then distracted by his business, and he observed nothing further until he heard a scream and on looking out saw the accident. This is the only evidence offered in behalf of the plaintiff that has any material bearing on the question as to whether the truck came up the avenue or turned into it from Twenty-First street.

The court, on receiving in evidence an ordinance limiting the speed of vehicles turning corners to 4 miles an hour, expressed the opinion that the only theory upon which the plaintiff was entitled to go to the jury was that the truck turned into Seventh avenue at that point, and stated that if it came up the avenue she either must have seen it or failed to look with sufficient diligence.

On the part of the defendant, the chauffeur who was operating the truck, but who was not in the employ of the defendant at the time of the trial, testified that he was on his way from No. 5 Worth street to defendant's factory on Twenty-Fourth street between Second and Third avenues; that he came up Hudson street to Eleventh street, and over that to Seventh avenue, and intended to go through Twenty-Second street to Second avenue. If he correctly gave his destination, it is manifest that he had no occasion to be going westerly through Twenty-First street; and if he had been going easterly on Twenty-First street, as the car had stopped north of the northerly crosswalk before the plaintiff started from the curb, she and her other witnesses had the same opportunity of seeing the truck as if it had been coming up Seventh avenue. The chauffeur says that as he was approaching Twenty-First street, he saw Miss Smith step out toward the car, and that he slowed down and swung in toward the right to afford her a free passage, and that as he came nearly opposite the plaintiff, who was talking to Allen, she stepped in front of the truck, taking one or

two steps from the curb, and fell, and he applied the foot brake and the emergency brake, which instantly stopped the wheels from revolving, but that, the asphalt with which the street was paved being moist, the truck slipped or skidded about 4 feet and stopped within 6 feet of where plaintiff was crossing.

The defendant called four other apparently disinterested and unimpeached witnesses—one, a chauffeur who was walking northerly on the easterly side of Seventh avenue about 20 feet below Twenty-First street; another, an entry clerk in the employ of O'Neill & Adams, who was going south on the easterly side of Seventh avenue in the middle of the block between Twenty-First and Twenty-Second streets; another, a chauffeur for the Novelty Candy Company, who was operating one of the trucks and followed close behind the defendant's truck from Fourteenth street; and a paper and paper box peddler, who was in the carriageway with a pushcart going northerly on Seventh avenue just below Twenty-First street; and each of them testified, in substance, that he saw the accident, that the defendant's truck was coming up Seventh avenue at an ordinary rate of speed, and all but the entry clerk, who first saw it a few feet below the accident, testified positively that it did not turn into the avenue from Twenty-First street. The evidence of the witnesses called by the defendant also tends to show that the plaintiff stepped into the street when the truck was in plain sight and almost upon her, and that she was hurrying or running toward the car.

[1] On the point with respect to the plaintiff's freedom from contributory negligence, we are of opinion that her own admission that she did not start toward the car until after it had stopped, when, according to the evidence, the distance from the curb to the easterly rail of the car track was upwards of 22 feet, renders the defendant's theory of the accident probable. We are of opinion that the verdict is against the weight of the evidence, and especially on the question as to whether the plaintiff was free from contributory negligence.

[2] In order that an error made on the trial may not be repeated on the new trial which is to be directed, we deem it necessary to point out that the court erred in receiving evidence over the defendant's objection that it was not within the issues, to the effect that the fracture of the pelvis prolonged the plaintiff's menstrual periods, and that on such occasions she suffered pain for a much longer time than theretofore. The only pain pleaded or specified in the bill of particulars was that flowing directly from the fracture of the pelvis. If damages were to be claimed for pain thus indirectly caused, they should have been pleaded or specified in the bill of particulars.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.