## TEER v. MUELLER.

No. 13892—Opinion Filed Sept. 23, 1924.

Rehearing Denied Dec. 16, 1924.

**1. Appeal and Error—Questions of Fact—Verdict—Negligence.**

In the trial of an action for damages on account of negligence of defendant in driving his automobile upon plaintiff in the public street of the city, where the evidence is conflicting as to the facts of defendant's negligence or plaintiff's contributory negligence, these facts are for the jury to pass on, under proper instructions of the court, and, where there is any evidence to support the jury's verdict, the same will not be disturbed on appeal.

**2. Same—Judgment Sustained.**

The record in this case examined, and held, the evidence is sufficient to support the judgment of the court.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by Gus Mueller and upon his death prosecuted by Mrs. Anna S. Mueller; the

widow, against John W. Teer for damages. Judgment for plaintiff, and defendant appeals. Affirmed.

Ledbetter & Ledbetter, for plaintiff in error.

Brown, Brown & Williams, for defendant in error.

Opinion by THREADGILL, C. The action in this case was brought August 27, 1920, by Gus Mueller, as plaintiff, against John W. Teer and Lena L. Teer, as defendants, to recover damages for personal injuries sustained by him while walking across Main street in Ardmore, in being struck by defendant's automobile. The parties will be referred to as they appeared in the trial court.

The petition states that the plaintiff is a man about 70 years of age, of reasonable health and capable of earning $8 per day; that he was crossing Main street in Ardmore, north, opposite the Whittington hotel and, while crossing the street, the defendants, without warning to him, ran upon him with a five-passenger Buick car and broke his collar bone, his ribs on the left side, injured his right knee and broke the right leg below the knee, permanently injuring him to his damage in the sum of $10,000, and for medical treatment in the sum of $330. The defendant John W. Teer was driving the car. When he was about to be struck he moved backwards, south from the position from which he was in when approached, and defendant moved the car in same direction, and then he tried to get away north, and in so doing he was struck by the car, which stopped still on his body. He states that the defendants were inexperienced in driving and handling the car, and that their negligence in running upon him when they could see him, and not giving him any warning before they came near him, and in failing to stop the car when they saw his danger, was the cause of the injuries. Plaintiff states that he was not at fault, he did not contribute to the injuries.

The defendant demurred to the petition and the court sustained the demurrer as to Lena L. Teer and overruled it as to John W. Teer. The defendant filed an answer consisting of general denial, and thereafter, on April 18, 1921, filed his amended answer consisting of a general denial, except admissions of being owner of the automobile and the facts of the injury of the plaintiff on July 1, 1920; and pleading contributory negligence, in that the plaintiff disregarded the signal of his hand when he turned the corner and the honk of his horn, and

instead of moving out of the way of his car, stepped in front of it, and defendant could not avoid the accident by ordinary care. Plaintiff replied by general denial.

Before the trial of the cause plaintiff died and the cause was revived in the name of Mrs. Anna S. Mueller as the widow, and the cause was prosecuted for the benefit of herself and the children of deceased. The issues were tried to a jury April 5, 1922, and resulted in a verdict and judgment in favor of plaintiff in the sum of $1,000, and defendant appealed by petition in error and case-made, alleging 12 assignments of error, but urging them under the general proposition that the evidence was not sufficient to sustain the judgment.

The only evidence discussed by the defendant in his brief is the evidence of negligence. Plaintiff alleged that defendant was an inexperienced driver, and the testimony shows he had been driving the car complained of about four months; that he took lessons in driving the car a week in preparing to use the car. Plaintiff alleged that it was negligence on the part of the defendant to drive or to attempt to drive or operate the car on a public street without being able to properly control or direct the same, and after he was discovered by the defendant in his perilous position it was negligence and carelessness on his part not to stop the car, which he says could have been done if he had known or understood how to operate it; that notwithstanding the fact that plaintiff was in plain view and immediately in front of said car and the defendant saw him in said position, said car was not directed away from him or stopped, but on the contrary was driven upon his body and stopped there, which could have been avoided if defendant had exercised reasonable care and caution. The petition alleged that the failure to use reasonable care in the place and at the time herein mentioned was of itself negligence. The testimony was that the street where the accident happened was from 60 to 80 feet wide. The decedent was near the middle of the street; it was early in the morning and no traffic was out; the street was practically clear. The only car near was 50 yards away. The defendant, with his wife in the car with him, was driving to his place of business and decedent was crossing the street. The decedent did not see the car coming toward him at the time he started to cross the street, but after he was out in the street the car turned the corner and came toward him.

The testimony was conflicting as to wheth-

er defendant honked his horn as he turned the corner or when he ran upon the decedent, and the testimony as to what took place when the car was about to strike was conflicting. Some of the witnesses say they seemed to be dodging each other. The testimony is undisputed that the car did not stop until it struck the decedent. It is undisputed that defendant had the whole street before him in which to pass the decedent and he directed the car upon decedent, or so dangerously near him that neither one could think what the other would do in getting away from the collision. One witness stated:

"Just where you step on the curbstone, on the north side of the street, I seen a car swinging around Mr. Mueller. He stepped back and Mr. Teer started up with the car and they seemed to be dodging each other and zigzagging back and forth at each other in the street. Mr. Teer was trying to get away from him."

On cross-examination the same witness stated the acts of the peril as follows:

"Mr. Teer seemed to pull his car over to the right, towards the curb, and Mr. Mueller stepped forward and then the car come back and the other way and then they got to dodging and zigzagging until the car hit him."

The defendant testified that he would have passed the decedent if he had not stepped back from the way he was going. There was considerable testimony on both sides of the contention. We think the evidence was amply sufficient to go to the jury for determination from all the evidence in the case, whether or not the defendant was negligent as charged in the petition and whether or not the decedent was guilty of contributory negligence, as alleged by the answer of the defendant, and these questions having been determined in favor of the plaintiff, under the well known and oft repeated rule of this court, the same will not be disturbed on appeal.

Defendant cites the case of Wall v. Merkert, 152 N. Y. Supp. 293, in support of his contention that the facts alleged by plaintiff in the petition and the evidence of negligence are not sufficient to support the judgment. We do not think this case is applicable for the reason the act of negligence in the New York case was alleged to be the honking of the horn that caused the deceased to become excited and get in the way of the car. The facts are not the same as this case. The court said:

"It is claimed by the plaintiff that this man had safely crossed the north bound track when excited or disturbed or frightened by the sound of this klaxon horn, instead of stepping forward, he stepped back onto a point between the rails of the north bound surface railroad track; and then in stepping forward again, in order to go west he was struck by what would be the northeast part of the car."

The sounding of the horn was in compliance with the statute and it appears that the sounding of the horn excited the decedent and caused him to return from a place of safety to a place of danger; but, in the case at bar, the decedent was out in the street and had not reached a place of safety, and the act of sounding the horn is not the fact of negligence in the case, nor is the retreat of the decedent from a place of safety to a place of danger the act of alleged contributory negligence.

The defendant cites the case of Virgellio v. Walker, 98 Atl. 815, of Supreme Court of Pennsylvania, in support of the contention that if a pedestrian deliberately selects the roadway of a city street to walk longitudinally thereon, he must be most careful for his own safety, and if struck from behind by a car when he appeared to be confused by the honking of the horn and zigzagged across the path of the car and was injured, he could not recover. But such facts are not in the case at bar and no issue was joined on contributory negligence of this character. The defendant also cites the case of Zwitzer v. Baker et al., 160 N. W. 372, an Iowa case, and Shalkowitz v. I. M. Horton Ice Cream Company, 158 N. Y. Supp. 519, and Parkes v. Lindemann (Wis.) 151 N. W. 787, in support of his theory of contributory negligence, and we think the principles of law therein announced are reasonable and sound, but the facts do not fit the case at bar, neither are these cases controlling against our constitutional provision, section 6, art. 23, which reads as follows:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury"

—as well as cases passed on by this court: Jacobus et al. v. Brearo et al. (Cal.) 212 Pac. 617; Greatwestern Coal & Coke Co. v. Serbantas. 50 Okla. 118, 150 Pac. 1042; Bruce v. McIntosh et al., 57 Okla. 774, 159 Pac. 261; Melton v. Hunnicutt, 89 Okla. 91, 213 Pac. 879; Berquist v. Thomas, 86 Okla. 214, 207 Pac. 964; Texas Co. v. Robb, 88 Okla. 150, 212 Pac. 318; Sovereign Camp, W. O. W., et al. v. Booker, 93 Okla. 139, 219 Pac. 931; Oklahoma Union Ry. Co. v. Hainer, 96 Okla. 217, 222 Pac. 243.

We have studied the record in this case

very carefully and we think the defendant had a fair trial, and the evidence is sufficient to sustain the verdict of the jury and the judgment of the court, and we therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.