[Civ. No. 5265.    First Appellate District, Division Two.—November 6, 1925.]

## NORA L. WHITMORE, Respondent, v. C. T. SMITH, Appellant.

[1] NEGLIGENCE—PEDESTRIAN STRUCK BY AUTOMOBILE—ACTION FOR DAMAGES—EVIDENCE—FINDINGS—APPEAL.—In this action for damages for personal injuries suffered by plaintiff when, after alighting from a public bus at the corner of two intersecting city streets, she passed around the front of the bus to cross the street and without warning was struck by defendant's automobile and thrown back in front of the bus, suffering the injuries in question, the evidence on the part of plaintiff that defendant was attempting to pass the bus "as close as it could come without hitting it" and that he was traveling at a high rate of speed in violation of the statutory regulation at that point, coupled with the evidence as to the manner in which plaintiff was thrown and her location after the accident, was sufficient to support the finding of defendant's negligence, and such finding was conclusive on appeal notwithstanding the testi-

---

1. See 19 Cal. Jur. 727.

mony on the part of defendant was that he was attempting to pass the bus at a distance of four or five feet, that he was not traveling more than twelve or fifteen miles an hour, and that plaintiff ran into his machine.

[2] ID.—CONTRIBUTORY NEGLIGENCE—FAILURE TO LOOK FOR APPROACHING VEHICLES—EVIDENCE—FINDING—APPEAL.—In such action, unless the evidence demonstrates as a matter of law that plaintiff was guilty of contributory negligence, the finding of the trial court in her favor cannot be disturbed on appeal; and where there is evidence that, after alighting from the bus, plaintiff looked for approaching vehicles and then passed in front of the bus, and that the last thing she remembered after passing the bus was that she looked and saw the lights of defendant's machine directly in front of her, it must be inferred that she did look to the left to see if vehicles were approaching.

[3] ID.—POINT OF IMPACT—EVIDENCE—INFERENCE.—In such action, the fact that plaintiff was struck by the right-hand fender of defendant's automobile at a point about one foot from the front thereof does not necessarily indicate that she ran into the automobile, where the testimony shows that immediately before the automobile struck plaintiff the driver turned his wheel sharply to the left "as far as it would go" and that act caused the front of the automobile to swerve so that the point of impact was on the side of the fender rather than on the front portion of the car.

(1) 28 Cyc., p. 47, n. 20.   (2) 4 C. J., p. 881, n. 14; 28 Cyc., p. 47, n. 20.   (3) 4 C. J., p. 879, n. 86; 28 Cyc., p. 49, n. 47.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Edgar A. Luce, Judge.   Affirmed.

The facts are stated in the opinion of the court.

George F. Kapp for Appellant.

Fred A. Watkins for Respondent.

NOURSE, J.—Plaintiff commenced this action for damages for injuries suffered when struck by defendant's automobile while she was crossing a public street in the city of Long Beach.   The cause was tried before the court without a jury with the result of a judgment in favor of plaintiff in the sum of $1,800.   From this judgment the

defendant appeals upon a record prepared under the provisions of section 953a of the Code of Civil Procedure.

The only grounds urged on the appeal from the judgment are that the evidence was insufficient to support the finding of defendant's negligence and that it is also insufficient to support the finding that the plaintiff was herself not guilty of contributory negligence. The evidence is that the plaintiff, having just alighted from a public bus at the corner of Atlantic Avenue and Seventeenth Street, passed around the front of the bus to cross Atlantic Avenue when without warning she was struck by the defendant's automobile and thrown back in front of the bus, suffering the injuries which are the basis of the complaint.

[1] Concerning the finding of defendant's negligence the evidence is in wide conflict, both as to the rate of speed and as to the proximity to the side of the bus in which defendant was attempting to pass. On the part of the plaintiff it was shown that the defendant was attempting to pass this bus "as close as it could come without hitting it" and that he was traveling at a high rate of speed in violation of the statutory regulation at that point. On the part of defendant the testimony was that he was attempting to pass the bus at a distance of four or five feet, that he was not traveling more than twelve or fifteen miles an hour, and that the plaintiff ran into his machine. If the defendant's testimony were true it is apparent that the accident as detailed by all the witnesses could not have happened as it did. The plaintiff was thrown directly in front of the standing bus, her head toward the curb and her feet toward the path of defendant's machine. If the defendant had been traveling at twelve or fifteen miles an hour on a path five feet west of the standing bus he could not have thrown the plaintiff to the place where she was picked up. And, again, if he had been traveling in that manner he would have had ample opportunity to have avoided the collision. The court believed the testimony offered by the plaintiff and that settles the question of defendant's negligence so far as this appeal is concerned.

[2] On the question of plaintiff's contributory negligence the only evidence upon which defendant relies is the inference which he insists must be drawn from the fact that the plaintiff was attempting to cross the street at a

rapid rate without having previously looked for approaching vehicles. The evidence is that the plaintiff, after alighting from the bus, looked for approaching vehicles and then passed in front of the bus, not running, as claimed by the defendant, but merely walking at a rapid pace. The last thing she remembered after passing the bus was that she looked and saw the lights of defendant's machine directly in front of her. There is no evidence that she failed to take the precautions that an ordinary person would have taken under similar circumstances.

Unless the evidence demonstrates as a matter of law that the plaintiff was guilty of contributory negligence the finding of the trial court in her favor cannot be disturbed on appeal. The only circumstance to which the defendant refers as imputing contributory negligence to the plaintiff is that as she was passing in front of the bus she was looking straight ahead and did not look to see if vehicles were approaching from her left. But there is evidence that at that time she saw defendant's lights directly in front of her and from this it must be inferred that she did look to the left. **[3]** The fact that she was struck by the right-hand fender at a point about one foot from the front thereof does not necessarily indicate that she ran into the automobile. The testimony was that immediately before the automobile struck the plaintiff the driver turned his wheel sharply to the left "as far as it would go" and that act caused the front of the automobile to swerve so that the point of impact was on the side of the fender rather than on the front portion of the car.

On a review of the entire record we are satisfied that the evidence is such as would compel a submission of the cause to a jury, both on the question of defendant's negligence and on the question of plaintiff's contributory negligence. Such being the case the determination of the trial court upon those questions in the absence of a jury is conclusive on this appeal.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.