**DOLLARD et al. v. UNION TRANSPORTATION CO.**

No. 18322.    Opinion Filed July 24, 1928.

(Syllabus.)

Negligence—Duty of Court to Instruct Verdict Where Evidence Fails to Show Primary Negligence.

In an action founded upon the law of negligence, where the evidence fails entirely to show primary negligence, it is the duty of the court to sustain a demurrer thereto, and instruct a verdict for defendant.

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Wayne W. Bayless, Assigned Judge.

Action by A. B. Dollard and Minnie G. Dollard against the Union Transportation Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

A. F. Moss, O. H. Searcy, S. J. Montgomery, and H. R. Young, for plaintiffs in error.

Kleinschmidt & Johnson, for defendant in error.

HALL, C. This was an action by A. B. Dollard and Minnie G. Dollard against the Union Transportation Company, for the recovery of damages based upon the alleged negligent act of running down and killing plaintiff's eleven year old son, by a motor bus operated by the defendant.

A demurrer was sustained to the evidence of plaintiffs, and the jury were instructed by the court to return a verdict for the defendant, which they accordingly did. The evidence briefly was as follows:

Defendant was and is a common carrier of passengers, operating its vehicles, motor busses, in the city of Tulsa. On the 3rd day of October, 1925, it was operating its busses along Seventeenth street, east and west in said city, to a point as far east and beyond Yorktown street, which intersected Seventeenth street at right angles. Alva Dollard, the boy who was killed, and the son of plaintiffs, was a passenger on one of defendant's busses on said date. His mother had left him up town at the Y. M. C. A. swimming pool, with directions that he come home on the bus. Plaintiffs resided on the north side of Seventeenth street, along the path of the bus, their residence being about 240 feet east of the intersection of Seventeenth and Yorktown streets. The bus stopped at its regular place, at the intersection of Yorktown and Seventeenth streets, and let the boy off. The boy stood on the curbing until the bus moved on, and then caught hold of or clung to the rear bumper of the bus for some unknown distance. He traveled, however, about 225 feet, approximately in front of the Dollard home, before he received the injury which resulted in his death. Another bus, owned and operated by the defendant company, was moving westward on said Seventeenth street. This bus ran over and killed the boy. The evidence clearly indicates that the bus hit the boy when he was about eight feet from the north

side of Seventeenth street. The street was 26 feet and 11 inches in width; the front wheels or wheel ran over the boy, and the bus stopped while the boy was under it, and in about four feet of the rear wheels. The bus was eight feet wide and about 14 feet long. The deceased lacked a few days of being 12 years of age, was familiar with the operation of automobiles, and had ridden on the motor bus several times. This, in substance, was the only evidence introduced.

The essential question involved in this case is whether or not the action of the trial court was correct in sustaining the defendant's demurrer to the evidence of plaintiffs, and in instructing the jury to return a verdict in favor of defendant. In determining this question, we are to determine whether or not there was any primary negligence shown on the part of the defendant.

As it clearly appears from the statement of facts, as outlined above, the evidence as to just how the unfortunate act or accident occurred depends wholly upon circumstantial evidence. Of course, negligence can be predicated wholly upon circumstantial evidence; in fact, that character of evidence, when the circumstances are fully established, becomes the highest order, and most reliable evidence. But in this case we fail to observe the existence of sufficient evidentary facts to justify the conclusion that the driver of the motor bus was guilty of any negligence in the premises. Viewing the evidence in the most favorable light on behalf of plaintiffs, and placing on such evidence every reasonable inference that negligence existed on the part of the driver of the motor bus, still the evidence and attendant circumstances fall short of fastening any negligence in the operation of the motor bus at the time of the accident. The boy disembarked from the bus at the corner of Seventeenth and Yorktown streets; as the bus moved on, he caught the bumper of the bus, which was moving along the street in the direction of his home, which was almost directly opposite the scene of the accident. The evidence does not show just how long or what distance he held to the bus, but when he was run over he was attempting to cross the street at a point in front of his house, indicating that he had probably followed the eastbound bus to somewhere near that point, and then left the rear bumper, and in attempting to cross the street, stepped in front of the other vehicle. According to the width of the street and the width of the bus, at most, he would have traveled only about eight feet before he stepped into the path of the westbound bus, which ran over

him. If the boy did not hold on to the bus until it reached a point nearly opposite his home, but left it at a point near Yorktown street and walked up the street in order to cross it, then there is no evidence whatever indicating that the westbound bus was traveling other than at a moderate or reasonable rate of speed; and no fact or circumstance was shown indicating a lack or failure of the driver to exercise due care to discover the boy and avoid the accident.

We appreciate the force of the argument advanced by counsel for plaintiffs in error, that the driver of the westbound bus should have known that the eastbound bus had stopped to discharge passengers, and that the driver of such bus was charged with a high degree of care in guarding against possible injury to passengers disembarked from said bus. Such contention is undoubtedly the law; but it has no application here, because the bus was not at a standstill or departing from the "station" or discharging point when it was passed by the westbound bus; and the accident did not occur at the site of the place of discharge of passengers, at Seventeenth and Yorktown streets, but, instead, approximately in the middle of the block.

Counsel for plaintiffs in error cite numerous authorities in support of their contention. These authorities simply show that the courts under varied circumstances have held the operators of motor vehicles in running down and killing or injuring pedestrians to be guilty of actionable negligence. These cases bear a close relationship to the present case, but the analogy is considerably distant. The cited cases are: Teer v. Mueller, 105 Okla. 32, 231 Pac. 274; Holderman v. Witmer (Iowa) 147 N. W. 926; Daughrety v. Tebbets (Me.) 120 Atl. 354; Anderson v. Wood (Pa.) 107 Atl. 658; Myers v. Kennedy (Mo.) 267 S. W. 811; Smith v. Spirek (Iowa) 195 N. W. 736; Schock v. Cooling (Mich.) 141 N. W. 675.

The doctrine announced in each and all of these cases, in so far as this case is concerned, is adopted here. In none of the above cases are the facts so remote as the facts in the present case. For example, in the case of Daughrety v. Tebbets, supra, the injured party had stopped his automobile on the right-hand side of the road, and was walking across the road to a house on the left-hand side thereof. In stepping out from behind his automobile to return an empty pail, he was struck by the defendant's passing car, which carried him about 50 feet. The court in that case discussed at length the duty of drivers of automobiles and other motor vehicles when passing other vehicles which are

parked or stopped on the highway. The court properly held that it is negligence to drive at a high rate of speed in passing an automobile or other vehicles at a standstill, especially when approaching from the rear; or by passing such vehicles, in close proximity to it, even at a low rate of speed, without giving distinct signals of approach, indicating the approach of danger. This is rested upon reason and common sense; not only children are likely to step from behind or in front of vehicles stopped in the highways, but adults·are likely to do so as well. But that case and similar cases cannot support plaintiffs' theory in the case at bar, because it cannot be said, as a matter of law, as well as a matter of fact, that when motor vehicles are passing each other, the drivers of each should anticipate and expect someone to step off of the moving vehicle, or appear from the immediate rear thereof into the other vehicle's path. Such certainly is exceedingly unusual, and from the nature of such a hazard, it could not be anticipated by a person of any degree of prudence. If such could be the basis of actionable negligence, it would amount to the defendant being an insurer of the injured person.

In this case we are forced to conclusion that no primary negligence was shown— neither directly nor circumstantially,—and that the judgment of the lower court should be affirmed.

TEEHEE, DIFFENDAFFER, LEACH, and HERR, Commmissioners, concur.

By the Court: It is so ordered.