HATTIE SIGRIST AND JACOB SIGRIST, PLAINTIFFS, v.
JOSEPH NOON AND HENRY DIXON, DEFENDANTS.

Decided November 9, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Schneider & Schneider* (*William T. Braun*, of counsel).

*Contra, Breslin & Breslin.*

PER CURIAM.

The plaintiffs, husband and wife, obtained a verdict in the Bergen Circuit, in an action brought by them in this court, against the defendants, to recover compensation for injuries sustained by the female plaintiff, and for loss of consortium and for expenditures incurred by her husband, as a result of her being struck by a bus, of which the defendant Joseph Noon was the owner, and which was then being driven along a public highway, on January 7th, 1928, by his servant, Henry Dixon. The jury awarded the female plaintiff $9,000, and the husband $1,000.

The first point made, on behalf of defendants, is, that the verdict for both defendants was contrary to and against the weight of the evidence.

An examination of the testimony fails to support this contention.

The case discloses, that the plaintiff, who was a passenger, riding on a Public Service bus, alighted therefrom at Clark Terrace and Anderson avenue, in the borough of Cliffside Park. She then walked in front of the bus, from which she had alighted, and the driver thereof motioned to her to come across; she passed the bus, and after doing so, looked to the right and left, to see if the road was clear. On her left, she saw a car and a bus coming about a hundred feet away from her, and she says she thought she could get across, when she was struck by the oncoming bus, and according to the testimony of a passenger, who witnessed the accident, she was thrown up in the air with her shoes knocked off, in a cloud of dust; that no warning had been given by the bus of its approach, and that the woman was picked up about seventy-five feet away from where she was struck; that the bus continued on its route, after it struck her, and when it stopped, was almost three-quarters of a block away.

It is quite evident from the testimony in the case, that if the driver of the bus had been exercising a reasonable degree of care, he could not have failed to see that the Public Service bus had stopped to permit its passengers, or passenger, to alight, and that the female plaintiff was in the act of crossing the street. The female plaintiff had a right to assume, seeing the bus about a hundred feet away, that the driver thereof had the bus under control, and would use reasonable care in operating it, and have regard for her right to cross the street safely.

We cannot say, from a reading of the testimony, that the verdict is clearly against and contrary to the weight of evidence.

Next it is said, the verdict for the female plaintiff is excessive. Taking into consideration the injuries which she sustained, and her earnings, before the accident, we think the verdict is excessive, and unless she is willing to accept $6,000, the rule will be made absolute, otherwise, it will be discharged.

There is no claim made that the verdict in favor of the husband is excessive, and as to him, the rule will be discharged.