## 21630.  TATUM *v.* CROSWELL.

</div>

STEPHENS, J.  1.  The operator of an automobile along a public road could be found negligent in failing to anticipate that a person seen by him, ahead of him, standing still in the road, oblivious, or apparently so, to the approach of the automobile, will move from his position; and where the operator of the automobile undertakes to pass the person standing in the road, without having the automobile under such control and without passing the person at such a distance as to avoid hitting him should he move his position, the operator may as to such person be guilty of negligence in so operating the automobile. See, in this connection, Daughraty *v.* Tebbets, 122 Me. 397 (120 Atl. 354, 34 A. L. R. 1507, and notes); Klink *v.* Bany, 207 Iowa, 1241 (224 N. W. 540, 65 A. L. R. 187, and notes); Webster *v.* Motor Parcel Delivery Co., 41 Cal. App. 657 (183 Pac. 220); Whitmore *v.* Smith, 75 Cal. App. 125 (241 Pac. 919); Smith *v.* Spirek, 196 Iowa, 1328 (195 N. W. 736); Sigrist *v.* Noon (N. J.), (147 Atl. 640).

2. Where the operator of an automobile along a public highway undertook to pass a person whom he saw ahead of him, standing by the left front-wheel of an automobile parked on the right side of the road, "right up against the curb," and who, apparently oblivious to the approach of the oncoming automobile, had his back to the road and was giving attention to the parked automobile, and the operator of the oncoming automobile passed within "about three feet" of the left front-wheel of the parked automobile and so close to the person standing there that when the latter, in order to avoid being scalded by an onrush of water from the radiator of the parked automobile, suddenly jumped or stepped back, and the automobile ran over his foot and thereby injured him, and where the traffic along the road at this point was not heavy, and the

vision along the roadway was clear and unobstructed for about three or four blocks in the direction of the oncoming automobile, and the roadway between the parked automobile and the middle line of the road was over twenty feet and the driver could have passed the parked automobile at a greater clearance than he did, it was a question of fact for a jury as to whether the operator of the automobile which caused the injury was guilty of negligence proximately causing the injury. Upon the trial of a suit brought by the person injured against the operator of the automobile, to recover damages for the injuries thus sustained, where the evidence was sufficient to authorize a finding that the plaintiff was in a position where he could be seen by the defendant, and where, under all the evidence, an inference was authorized that the defendant did see the plaintiff in the position indicated, a verdict for the plaintiff was authorized, and the court erred in directing a verdict for the defendant.

Judgment reversed. *Bell, J., concurs. Jenkins, P. J., dissents.*
DECIDED FEBRUARY 20, 1932. REHEARING DENIED MARCH 5, 1932.

*Burress & Dillard,* for plaintiff.

*Spalding, MacDougald & Sibley, Estes Doremus, S. M. Kelley,* for defendant.

JENKINS, P. J., dissenting. It appears from the plaintiff's evidence that he was standing on the outside of his truck next to the passing traffic of the highway, engaged in removing the radiator-cap from his truck after parking the vehicle on Peachtree Road, between Atlanta and Buckhead, and within a block of the center of Buckhead. It appears that the defendant approached the place where the accident occurred while driving in the same direction as the truck, and on the proper side of the road; and there is no evidence whatsoever that he approached it at a dangerous or negligent rate of speed, and there is no allegation or evidence that he failed to sound his horn on approaching the truck. From the evidence it appears that when the plaintiff, while standing in such position, removed the cap from the steaming radiator, an explosive outburst of steam caused him, according to his own testimony, to step back as much as three feet and whirl around, and that in so jumping back and whirling around, just at the very moment the automobile of the defendant was passing, his projecting foot was struck by defendant's car. It thus appears, according to the plaintiff's evidence, that the defendant's car could not have passed within less than some five

feet of the truck, inasmuch as the plaintiff was already standing on the exposed side of the truck next to the passing traffic, and stepped back some three feet more, after which he whirled around. A defendant being guilty of negligence only in so far as he violates some duty owing to the plaintiff, in my opinion the defendant, apparently driving his car at a proper rate of speed, on the proper side of the highway, and some three feet away from the plaintiff, and some five feet away from the truck, and there being no evidence or proof that he failed to sound his horn on approaching the truck, should not be required to have anticipated that there would be an explosion of steam from the truck at the very instant he passed it, causing the plaintiff to jump back some three additional feet and whirl around into the highway, or that the plaintiff would thus expose himself without any reason or cause whatever. As I see it, the accident was either a pure misfortune, or else was brought about by the negligence of the plaintiff himself in not only choosing to stand out in the highway instead of in front or on the safe and protected side of the truck while engaged in removing the radiator-cap, but in also jumping out and whirling around in front of the car just at the particular instant that it was passing him, and at a time when the defendant, driving his car at a safe and careful rate of speed, could not, upon the instant, have taken any precaution such as could have obviated the consequences of the plaintiff's instantaneous and unexpected act in thus exposing himself. According to plaintiff's evidence, he knew that the water in the radiator was overheated and steaming, and was slowly removing the cap so as to add necessary cold water. He knew or ought to have known that an explosion of steam could be momentarily expected, and when that happened which he knew or ought to have known would happen, stepped and whirled out into the highway at the very instant the defendant's car was passing. As was held by the Supreme Court in *Briscoe* v. *Southern Railway Co.*, 103 *Ga.* 224, 226 (28 S. E. 638), the plaintiff "is not entitled to be relieved from the consequences of neglecting to exercise ordinary care for his own protection and safety, because his failure to do this arose from a sudden crisis, which, so far as he was concerned, was brought about by his own act in voluntarily placing himself in a situation of imminent peril. He ought not to be permitted to do a thing which deprived him of that presence of mind requisite

to his preservation and safety, and then allege that, for want of such presence of mind, another, not responsible for it, should be made to suffer."